BENJAMIN ROSENBERG (*pro hac vice* pending)
benjamin.rosenberg@dechert.com
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone:   212.698.3622
Facsimile:   212.698.3599

H. JOSEPH ESCHER III (No. 85551)
h.joseph.escher@dechert.com
DECHERT LLP
One Bush Street, Suite 1600
San Francisco, California 94104
Telephone:   415.262.4500
Facsimile:   415.262.4555
Attorneys for Dechert LLP.

**FILED**

JUN 29 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV 18 80114 MISC DMR

| | |
|---|---|
| IN RE APPLICATION OF DECHERT LLP,<br><br>Applicant. | Case No.<br><br>**DECHERT LLP'S APPLICATION FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING**<br><br>**[DECLARATION OF BENJAMIN ROSENBERG FILED CONCURRENTLY]** |

DECHERT LLP
ATTORNEYS AT LAW

APPLICATION FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING                                    Case No.

Applicant Dechert LLP (which, along with its affiliated United Kingdom partnership, Dechert LLP (UK), shall be referred to as "Dechert" herein) hereby applies for an order pursuant to 28 U.S.C. § 1782 granting Dechert leave to obtain limited discovery from Danny Fortson ("Fortson") for use in a foreign judicial proceeding in the United Kingdom. This Application is supported by the memorandum of points and authorities below and the Declaration of Benjamin Rosenberg and exhibits, filed concurrently herewith. The subpoena to be served on Mr. Fortson and proposed order are attached to Mr. Rosenberg's Declaration as Exhibits B and C.

## JURISDICTION

The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1782 as an application for discovery for use in a foreign proceeding.

## INTRADISTRICT ASSIGNMENT

Assignment to this District is based on the fact that the witness that Dechert wishes to subpoena is located in San Francisco, California.

## INTRODUCTION

Pursuant to 28 U.S.C. § 1782, Dechert submits this Application, which seeks an order permitting Dechert to serve journalist Danny Fortson a subpoena for documents and testimony related to a letter written by Dechert to Eurasian Natural Resources Corporation Ltd. ("ENRC") that was leaked to Mr. Fortson, the contents of which was reflected in articles he wrote that were published in *The Sunday Times*. ENRC has stated that it is "reasonably likely" to bring claims against Dechert in the United Kingdom regarding this leaked letter. Dechert seeks limited documents on this narrow topic, which are directly relevant to the disputed issues in the anticipated claim in the foreign proceeding and are presumably in the exclusive possession of Mr. Fortson. Section 1782 authorizes the production of documents such as those Dechert seeks. Accordingly, Dechert seeks the issuance of a subpoena to request those documents and obtain Mr. Fortson's testimony.

## BACKGROUND

In April 2011, ENRC had retained Dechert to provide legal services relating to the investigation of a whistleblower's claim that one or more ENRC subsidiaries engaged in

DECHERT LLP
ATTORNEYS AT LAW

1

APPLICATION FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING         Case No.

1  wrongdoing. On or about March 27, 2013, ENRC terminated the retainer. Dechert thereafter
2  wrote a letter to ENRC concerning the termination of the retainer. Rosenberg Decl. ¶ 2. This
3  letter was apparently leaked to Mr. Fortson, who used it to write articles published in *The Sunday*
4  *Times* in late April 2013, which revealed the contents of the letter. *Id.* ¶ 3; Ex. A. The articles
5  recounted that the letter contained allegations of ENRC misconduct, including evidence that
6  documents had been falsified and destroyed, use of electronic wiping tools by employees,
7  payments to African presidents, and creation of a false office. *Id.* ¶ 4. ENRC apparently believes
8  that Dechert was the source of the leaked letter to Mr. Fortson and has stated that it is reasonably
9  likely to bring a claim against Dechert in a pending proceeding in the United Kingdom in relation
10 to this leak. *Id.* ¶ 5. Dechert strongly disputes that it leaked the letter. *Id.*

11 By application dated February 23, 2018, ENRC filed in this District an Application for
12 Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782. *See* Case No. 18-mc-
13 80041-LB (March 30, 2018 N.D. Cal) (ECF 1). ENRC expressly sought its discovery for use
14 against Dechert "in a contemplated action in the United Kingdom," and asserted the discovery "is
15 relevant to potential claims that ENRC is reasonably likely to bring [against Dechert]." *Id.* 1:26-
16 27, 2:19-20. ENRC has already issued a claim in the English courts against Dechert arising out of
17 matters which occurred during Dechert's retainer. *Id.,* Decl. of Magnus Boyd, 2:12-16. If
18 discovery from Mr. Fortson proves Dechert to be the source of the leak, ENRC asserts this would
19 give rise to an additional claim, arising out of Dechert's actions following termination of its
20 retainer. *Id.*

21 After ENRC filed its application, Dechert filed a motion to participate in ENRC's
22 discovery of Mr. Fortson on March 12, 2018 ("Motion"). Case No. 18-mc-80041-LB (ECF 6).
23 Dechert sought to receive all discovery materials produced by Mr. Fortson and to participate in
24 ENRC's deposition of Mr. Fortson. *Id.* 1:6-9, 1:24-2:3. On March 30, 2018, the Court entered an
25 Order granting ENRC's application. Case No. 18-mc-80041-LB (ECF 9). The same day, the
26 Court entered an Order terminating Dechert's Motion because Mr. Fortson was not currently
27 producing any documents or attending a deposition, but giving Dechert the right to participate in
28 meet and confers and leave to re-notice its motion if Mr. Fortson participates in discovery. Case

1  No. 18-mc-80041-LB (ECF 11). After learning Mr. Fortson had been served with ENRC's
2  subpoena, Dechert filed its Re-Notice of Motion to Participate in Discovery Provided Pursuant to
3  28 U.S.C. § 1782, and incorporated by cross-reference the Notice of Motion, Motion, and
4  Memorandum of Points and Authorities contained in its Motion filed on March 12, 2018 as ECF
5  6. Case No. 18-mc-80041-LB (ECF 14). On June 11, 2018, the Court ruled that Dechert could
6  continue to participate in meet and confers with Mr. Fortson and ENRC, but otherwise denied
7  without prejudice Dechert's Motion. Case No. 18-mc-80041-LB (ECF 17). The parties are
8  currently engaged in meet and confers in that proceeding.

9  Accordingly, in order to ensure it has access to the same evidence that ENRC does, that it
10 can ask its own questions in a deposition of Mr. Fortson, and obtain documents that it may seek
11 from Mr. Fortson, Dechert now submits this Application in order to depose Mr. Fortson and to
12 request that Mr. Fortson produce a limited set of documents in addition to those that are sought by
13 ENRC. The documents Dechert seeks are on the same narrow topic that is the focus of ENRC's
14 application; namely, identifying the source who leaked Dechert's letter to Mr. Fortson, which he
15 used in publishing the articles in *The Sunday Times.*

16 Specifically, ENRC requested from Mr. Fortson communications with, or documents he
17 received from, Dechert that relate to ENRC, and documents reflecting communications between
18 Dechert and ENRC. In addition to these same documents requested by ENRC, Dechert seeks one
19 additional set of documents: any documents that relate to the source of information for *The*
20 *Sunday Times* articles, including any document that refers to the letter from Dechert to ENRC that
21 was later leaked to Mr. Fortson. Such documents will assist Dechert in preparing for and
22 defending itself in the claim that ENRC has indicated it is reasonably likely to bring against
23 Dechert in the United Kingdom, and for which ENRC was granted the right to seek documents
24 and testimony from Mr. Fortson under its Section 1782 application. ENRC seeks to "establish a
25 claim that Dechert LLP violated its duty to safeguard confidential information" that was
26 contained in the letter. *Id.* 2:28-3:7; 3:9. Through the limited discovery it seeks, Dechert intends
27 to demonstrate that it was *not* the source of the leak to Mr. Fortson and did *not* violate its duty to
28 safeguard ENRC's confidential information.

## I. DECHERT MEETS THE STATUTORY REQUIREMENTS UNDER 28 U.S.C. §1782

Section 1782 permits a court to authorize discovery "for use in a proceeding in a foreign or international tribunal . . . in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782(a). Section 1782 provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

"The statute thus outlines a three part test in deciding whether to grant a § 1782 application: (1) the discovery sought is from a person residing in the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an interested person." *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016) (internal quotation marks omitted). A litigant in a foreign action qualifies as an "interested person" under Section 1782. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). In order to apply for discovery pursuant to Section 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Id.* at 258-59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id.* at 259. When considering an application for discovery pursuant to Section 1782, "the court considers first whether it has the [statutory] authority to grant the request and then whether it should exercise its discretion to do so." *Lazaridis v. Int'l Centre for Missing and Exploited Children, Inc.*, 760 F. Supp. 2d 109, 112 (D.D.C 2011) (citations omitted).[1]

---

[1] This application is filed *ex parte*. Courts within this Circuit permit the *ex parte* filing of applications for discovery under Section 1782. *See, e.g., In re Roebers*, No. C12-80145

DECHERT LLP
ATTORNEYS AT LAW

4

APPLICATION FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING      Case No.

1      Dechert meets all three of the statutory requirements under Section 1782.

2      *First*, Dechert's Application seeks discovery from Mr. Fortson, who resides and works in the Northern District of California.

4      *Second,* the requested discovery is for use in a pending lawsuit in the United Kingdom, where ENRC has indicated it is reasonably likely to bring an additional claim against Dechert based on the requested discovery.

7      *Third,* Dechert is an "interested person" because it is a party to the litigation brought by ENRC. *Intel,* 542 U.S. at 256, 258-59.

9      Accordingly, Dechert has satisfied all the statutory requirements for an application under 28 U.S.C. § 1782.

## II. THE DISCRETIONARY FACTORS SUPPORT GRANTING DECHERT'S APPLICATION

A district court has wide discretion to grant discovery under Section 1782. *Intel*, 542 U.S. at 260-61. In exercising its discretion, a district court should consider the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance," (3) "whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65.

---

MISC RS (LB), 2012 WL 2862122, at *2 (N.D. Cal July 11, 2012) ("An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782.") (citation omitted); *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010) ("[I]t is common for the process of presenting the request to a court and to obtain the order authorizing discovery to be conducted *ex parte*. Such *ex parte* applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.") (internal quotations and citations omitted). However, as a courtesy, Dechert intends to provide this Application to ENRC and Mr. Fortson upon filing.

DECHERT LLP
ATTORNEYS AT LAW

5

APPLICATION FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING     Case No.

A district court's discretion is to be exercised in view of the "twin aims of Section 1782: . . . providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *2. There is no requirement that the party seeking discovery establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding, *See Intel*, 542 U.S. at 247, 261-63.

All four of the discretionary factors weigh in favor of granting Dechert's Application.

### A.     Mr. Fortson is Not a Participant in the Foreign Proceeding

The first *Intel* factor is whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel,* 542 U.S. at 264. If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

Mr. Forston is not a participant in ENRC's U.K. proceeding, and thus this factor weighs in favor of granting Dechert's application.

### B.     The U.K. Court Would be Receptive to U.S. Judicial Assistance

The second *Intel* factor asks the court to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel,* 542 U.S. at 264. "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to 'err on the side of permitting discovery.'" *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4 (internal citation omitted).

DECHERT LLP
ATTORNEYS AT LAW

6
APPLICATION FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING     Case No.

1  The U.S. and the U.K. maintain a positive relationship and nothing indicates that a U.K.
2  court would reject information obtained through Section 1782 discovery. Accordingly, this factor
3  weighs in favor of granting Dechert's Application.

### C. Dechert's Request is Not an Attempt to Circumvent Foreign Proof-Gathering Restrictions Or Policies

6  The third *Intel* factor considers whether the request "conceals an attempt to circumvent
7  foreign proof-gathering restrictions or other policies of a foreign country or the United States."
8  *Intel*, 542 U.S. at 264-65. "A perception that an applicant has side-stepped less-than-favorable
9  discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re: Ex
10 Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *5 (internal citation omitted).
11 "[A]bsent 'authoritative proof that a foreign tribunal would reject the evidence obtained with the
12 aid of section 1782' . . . a district court should not refrain from granting the assistance afforded
13 under the Act based simply on allegations to that effect." *Metallgesellschaft v. Hodapp*, 121 F.3d
14 77, 80 (2d Cir. 1997).

15  Dechert is unaware of any restrictions imposed by U.K. courts that would prevent it from
16 obtaining and using discovery under Section 1782. This factor weighs in favor of granting
17 Dechert's Application.

### D. Dechert's Request is Not an Undue Burden or Intrusion

19  The fourth *Intel* factor is whether the request is "unduly intrusive or burdensome." *Intel*,
20 542 U.S. at 265. The *Intel* court noted that "unduly intrusive or burdensome requests may be
21 rejected or trimmed." *Id.*

22  Dechert's request is limited and minimally burdensome. Dechert is seeking to issue three
23 discrete document requests (two of which are identical to ENRC's requests) and to depose Mr.
24 Fortson on the topic of those document requests. Upon information and belief, the universe of
25 responsive documents is limited and easily searchable, and Mr. Fortson could produce the
26 documents with minimal effort.

27  Additionally, in the interest of parity at the current juncture, the Court should grant
28 Dechert's Application since ENRC's application to Mr. Fortson was granted on the same topic

DECHERT LLP
ATTORNEYS AT LAW

7

APPLICATION FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING                Case No.

and for use regarding the same anticipated claim. *Intel*, 542 U.S. at 261 ("[P]arity concerns may be important as touchstones for a district court's exercise of discretion in particular cases"). Permitting ENRC to serve a subpoena on Mr. Fortson so that ENRC can gather information to bring a claim against Dechert, but not permitting Dechert to gather information to defend itself against that claim would put Dechert at an unfair disadvantage. If Mr. Fortson produces documents in response to ENRC's requests and is deposed by ENRC, it will be a minimal additional burden to produce documents in response to Dechert's request and be deposed by Dechert. Granting Dechert's Application would not cause any delay in Mr. Fortson's proceedings with ENRC.

## CONCLUSION

For the foregoing reasons, Dechert respectfully requests that the Court grant its Application and permit service of the subpoena for documents and testimony.

Dated: June 29, 2018

Respectfully submitted,

DECHERT LLP


*/s/ H. Joseph Escher III*
H. JOSEPH ESCHER III
Attorneys for Dechert LLP

DECHERT LLP
ATTORNEYS AT LAW

8
APPLICATION FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING    Case No.