AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| In re Application of Dechert LLP | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
|  | ) |
|  | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Danny Fortson

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See attachment.

| Place: Dechert LLP, One Bush Street, Suite 1600 San Francisco, CA 94104S | Date and Time: |
|---|---|

The deposition will be recorded by this method: Stenographically and videotaped

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attachment.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____   _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Dechert LLP__ _____, who issues or requests this subpoena, are:
Benjamin Rosenberg, 1095 Avenue of the Americas, NY, NY 10036; benjamin.rosenberg@dechert.com 212-698-3500

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

 ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

 ☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

            _____
            *Server's signature*

            _____
            *Printed name and title*

            _____
            *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02-14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Attachment

## Definitions

1.  "ENRC" means Eurasian Natural Resources Corporation Ltd. and any predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States, their employees, agents, representatives, and all persons or entities acting or purporting to act on their behalf.

2.  "Dechert LLP" means the law firm Dechert LLP and any predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States, their employees, agents, representatives, and all persons or entities acting or purporting to act on their behalf.

3.  "The Sunday Times Articles" refers to the articles published by Danny Fortson in *The Sunday Times* on April 28, 2013, entitled "Heart of darkness" and "Revealed: scandal at heart of ENRC."

4.  The term "Communication" refers to any form of information exchange, or attempted exchange, including without limitation written, oral, or electronic exchanges; exchanges by letter, telephone, facsimile, email, instant messaging, face-to-face conversation, meeting, or conference; any exchange, whether or not written, taped or recorded; drafts of any exchange or contemplated exchange, whether or not ultimately sent; any exchange without limit to the time, place, or circumstance of its occurrence; and any other transmittal of information by any media by any manner; whether or not such exchange or transmittal is currently stored as paper or ESI, and regardless of whether it is currently stored onsite or offsite, such as by a third party storage vendor or cloud service provider.

5.  The term "Document" and "Documents" have the broadest meaning allowable under the Local Rules and the Federal Rules of Civil Procedure, and include, but are not limited to, all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies and all attachments and appendices thereto. Without limiting the generality of the foregoing definition, the terms "Document" and "Documents" shall include all agreements, contracts, communications, correspondence, letters, telegrams, telexes, messages, memoranda, records, reports, books, summaries, electronic mail, or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of personal meetings and conferences, summaries or other records of meetings and conferences, summaries, entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, work sheets, drafts, graphs, maps, charts, tables, marginal notations, notebooks, telephone bills or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, letters of credit, envelopes or folders or similar containers, voucher analyses, studies, surveys, transcription or hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, tapes, photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), and other printed,

written, handwritten, typewritten, recorded, stenographic, computer-generated, or electronically stored matter (or printouts thereof), however and by whomever produced, prepared, reproduced, disseminated, or made. The terms "Document" and "Documents" include all copies of Documents by whatever means made, except that where a Document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced. "Document" and "Documents" mean and include all matter within the foregoing description that is in Your possession, custody, or control.

6. The phrase "Relate To" or "Related To" shall mean discuss, support, refute, reflect, mention, embody, pertain to, involve, comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any way legally, factually or logically with the material set forth in the requests.

7. The terms "You" or "Your" means Danny Fortson, and/or his agents, attorneys, or anyone acting or purporting to act on his behalf.

8. To the extent these request use a term that is defined by the Federal Rules of Civil Procedure, the term is to be construed in accordance with its definition under the Federal Rules of Civil Procedure and/or applicable law, unless the term is defined more broadly herein.

## Instructions

1. The instructions, rules of construction, and definitions set forth in Rules 26, 34, and 45 of the Federal Rules of Civil Procedure are incorporated herein as if fully set forth.

2. Under Federal Rule of Civil Procedure 45(e), You are required to produce Documents either (i) as they are kept in the usual course of business or (ii) organized and labeled to correspond with these requests. Accordingly, with respect to Documents or groups of Documents that have been from a file folder, file drawer, file box, or notebook before being produced, please also produce a copy of the label on the file folder, file drawer, file box, or notebook from which a Document or group of Documents was removed.

3. If a Document responsive to one or more of these requests once existed but has been destroyed or cannot be located, please describe the Document's contents, author(s), and addressee(s), to the extent possible, and the circumstances of the Document's destruction or disappearance.

4. If any Document is withheld on the grounds of privilege or other immunity from discovery, please identify the nature of Document, subject matter, title, author(s), date, addressee(s), and the basis for the claim of privilege or other immunity from discovery.

5. Each request for Documents seeks production of all Documents described there-in, along with any attachments, drafts, and non-identical copies, in the possession, custody, or control of You as defined herein.

## Requests for Production

1.     All Documents that reflect or record the source of information for The Sunday Times Articles, including but not limited to any document that refers to the source of the letter from Dechert to ENRC that was later leaked to You and/or how that letter came to be in Your possession.

2.     All Documents reflecting or constituting communications with and all documents received from Dechert LLP or any of its members, employees, agents, or anyone else acting on their instructions or on their behalf, which refer or relate in any way to ENRC or any of its subsidiaries of affiliates.

3.     All Documents describing, reflecting, or constituting communications between Dechert LLP and ENRC, and all documents constituting transmittals or containing any discussions of such communications.